J. S59036/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN A. DUZICKY, | : | |
| | : | |
| Appellant | : | No. 482 WDA 2015 |

Appeal from the PCRA Order March 4, 2015
In the Court of Common Pleas of Beaver County
Criminal Division No(s).: CP-04-CR-0002004-2009

BEFORE: BOWES, DONOHUE, and FITZGERALD,[*] JJ.

JUDGMENT ORDER BY FITZGERALD, J.:         **FILED SEPTEMBER 30, 2015**

*Pro se* Appellant, John A. Duzicky, appeals from the order entered in the Beaver County Court of Common Pleas dismissing his second Post Conviction Relief Act[1] ("PCRA") petition.  Appellant contends his sentence is illegal under **Alleyne v. United States**, 133 S. Ct. 2151 (2013).  We affirm.

We adopt the facts and procedural history set forth by the PCRA court.  **See** PCRA Ct. Op., 3/4/15, at 2-3.  On January 9, 2015, Appellant filed the instant second petition.  On January 21, 2015, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss, and Appellant filed his

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

*pro se* response on February 8, 2015. The PCRA court dismissed Appellant's petition on March 4, 2015, and Appellant timely appealed.

Before addressing the merits of Appellant's claims, we examine whether we have jurisdiction to entertain the underlying PCRA petition. **See Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999). "Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error." **Commonwealth v. Wilson**, 824 A.2d 331, 333 (Pa. Super. 2003) (*en banc*) (citation omitted). A PCRA petition "must normally be filed within one year of the date the judgment becomes final . . . unless one of the exceptions in § 9545(b)(1)(i)-(iii) applies and the petition is filed within 60 days of the date the claim could have been presented." **Commonwealth v. Copenhefer**, 941 A.2d 646, 648 (Pa. 2007) (citations and footnote omitted).

Instantly, Appellant's judgment of sentence became final on August 5, 2011; Appellant filed the instant serial petition on January 9, 2015, over three years later. Thus, this Court must discern whether the PCRA court erred by holding Appellant did not plead and prove one of the three timeliness exceptions. **See** 42 Pa.C.S. § 9545(b)(1)(i)-(iii); **Copenhefer**, 941 A.2d at 648. In this case, Appellant has alleged that **Alleyne** established a new constitutional right that applies retroactively under Section 9545(b)(1)(iii). "[N]either our Supreme Court, nor the United

States Supreme Court has held that **Alleyne** is to be applied retroactively to cases in which the judgment of sentence had become final." **Commonwealth v. Miller**, 102 A.3d 988, 995 (Pa. Super. 2014). Appellant's judgment of sentence became final in 2011, and thus we agree with the PCRA court's determination that Appellant did not properly invoke any one of the three timeliness exceptions. **See Copenhefer**, 941 A.2d at 648; **Fahy**, 737 A.2d at 223. Thus, the PCRA court lacked jurisdiction. **See Fahy**, 737 A.2d at 223. Having discerned no error of law, we affirm the order below. **See Wilson**, 824 A.2d at 333.

Order affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/30/2015

IN THE COURT OF COMMON PLEAS OF BEAVER COUNTY

P E N N S Y L V A N I A

CRIMINAL DIVISION

COMMONWEALTH OF

PENNSYLVANIA

      vs.               :           NO. 2004 of 2009

JOHN A. DUZICKY

## OPINION AND ORDER

**H. KNAFELC, J.**                          **March 4th, 2015**

Petitioner, John A. Duzicky, alleges that counsel was ineffective for failing to raise the constitutionality of his sentence during appeal of his first post-conviction petition. Petitioner asserts in his response to this Court's Notice of Intent to Dismiss that his Petition is timely filed pursuant to the new decisional law exception of the Post-Conviction Relief Act (PCRA). His argument is without merit. Because this petition is untimely, this Court lacks jurisdiction to address Petitioner's substantive claims. Petitioner's response presents no genuine issue concerning any material fact and Petitioner is not entitled to post-conviction

collateral relief. *See* Pa. R. Crim. P. 907(1). After a review of Petitioner's response and the record, the petition for post-conviction collateral relief is DISMISSED FOR WANT OF JURISDICTION.

## I.    PROCEDURAL HISTORY

Petitioner's charges stemmed from his participation with nine co-defendants in a marijuana/cocaine distribution operation in Allegheny and Beaver counties from January 1, 2006, through June 1, 2009. On October 25, 2010, he pled guilty to two counts of corrupt organizations, two counts of criminal attempt, and four counts of delivery of a controlled substance. On July 6, 2011, the trial court sentenced Petitioner to term of imprisonment of between six and twelve years. Petitioner did not file a post-sentence motion or direct appeal from the judgment of sentence.

On March 5, 2012, Petitioner filed a pro se motion for post-conviction relief. Through appointed counsel, Petitioner filed an amended motion on October 1, 2012. That post-conviction court denied Petitioner's motion on May 30, 2013. On February 20, 2014, the Pennsylvania Superior Court affirmed the lower court's decision. Petitioner filed a second petition for post-conviction relief on January 9, 2015. Finding that petition lacking in any genuine issue of material fact on which relief could be granted, this Court provided Petitioner with notice of its intent to dismiss on January 21, 2015. Pursuant to Pennsylvania Rule of Criminal Procedure

907(1), petitioner was given twenty days to respond. On January 29, 2015, Petitioner filed a timely response to the proposed dismissal.

## II. DISCUSSION

Petitioner asserts that this Court erred in holding that it lacks jurisdiction to review the merits of his claim because it is untimely under the PCRA. He argues that his judgment of sentence was not final when the United States Supreme Court issued the *Alleyne* decision. His argument lacks merit. Petitioner's judgment was final and he is outside the time limitation to file a PCRA petition. He has failed to plead and prove any applicable exception under the statute. The petition is untimely, and must be dismissed because this Court does not have jurisdiction to review its merits.

### A. The Time Restrictions in the PCRA Statute are Jurisdictional in Nature, and Preclude Consideration of the Merits of any Untimely PCRA Petition by a Post-Conviction Court.

The threshold inquiry in reviewing a PCRA petition is whether the Court has jurisdiction to address the merits of the petition. *See Commonwealth v. Fahy*, 737 A.2d 214, 217 (Pa. 1999). In order for this Court to have jurisdiction, the petition must have been filed in compliance with the statutorily defined time limitations. *See id.* at 218. These requirements are mandatory, and may not be altered or disregarded to reach the merits of the claims raised in the petition. *Commonwealth*

*v. Cintora*, 69 A.3d 759, 762 (Pa. Super. Ct. 2013). This Court has no jurisdiction to hear an untimely PCRA petition. *Ibid.*

B.    The Petition *Sub Judice* is Untimely because it was Filed more than One-Year Following the Date Petitioner's Judgment became Final and because Petitioner has Failed to Plead and Prove that any of the Statutory Exceptions Apply to his Case.

A petition is timely, thus conferring jurisdiction, in two situations. The first is where the petition is filed within one year of the date that judgment became final. 42 Pa. Cons. Stat. § 9545(b)(1). This is true of any petition, including a second or subsequent petition. *Ibid.* The second situation applies when a petition is filed later than one year following final judgment. In that event, a petitioner has the burden of pleading and proving that one of the statutory exceptions applies. *Commonwealth v. Jones*, 54 A.3d 14, 16–17 (Pa. 2012).

### 1.    General Rule: Petitions must be Filed within One Year of Final Judgment to be Timely

In general, any petition, including a second or subsequent petition, must be filed within one year of the date that Petitioner's judgment of sentence became final. A judgment is deemed final for purposes of post-conviction relief immediately upon expiration of the time for seeking direct review. *Commonwealth v. Callahan*, 101 A.3d 118, 122 (Pa. Super. Ct. 2014). "Direct review" includes review as a right before the Pennsylvania Superior Court and the discretionary review of the Pennsylvania Supreme Court and the United States Supreme Court.

Page 4 of 10

*Commonweath v. Liebensperger*, 904 A.2d 40, 45 (Pa. Super. Ct. 2006). In contrast, collateral proceedings occur after the conclusion of direct review. In fixing the date on which a judgment of sentence becomes final, the PCRA does not refer to the conclusion of collateral review; rather, the only relevant timeframe is the expiration of the time for seeking direct review. *Callahan*, 101 A.3d at 122. Where a defendant fails to file a direct appeal from conviction, his judgment of sentence becomes final thirty days after imposition of the sentence. *Commonwealth v. Jerman*, 762 A.2d 366, 368 (Pa. Super. Ct. 2000).

Petitioner's judgment became final on August 5, 2011. Petitioner did not file post-trial motions or an appeal following sentence. Where a defendant fails to file a direct appeal with the Superior Court of Pennsylvania following sentence, his judgment will become final thirty days after the imposition of sentence. *Commonwealth v. Brown*, 767 A.2d 576, 579 n.2 (Pa. Super. Ct. 2001). Petitioner was sentenced on July 6, 2011. Because no appeal or post-trial motions were taken, the thirty day rule applies. Thirty days out from sentencing date is August 5, 2011, and that date is the date on which Petitioner's appellate rights expired. In order to be timely under section 9545(b)(1), Petitioner would have had to file this PCRA petition before August 6, 2012, one year after his judgment became final.[1]

---

[1] As of August 5, 2011, Petitioner had one year in which to file a PCRA petition, including a second or subsequent PCRA petition. One year from August 5, 2011,

Petitioner filed the PCRA petition *sub judice* on January 9, 2015, more than two years past the timeliness deadline in the PCRA.[2] The petition is therefore untimely under section 9545(b)(1). In order for this Court to have jurisdiction to entertain

---

falls on Saturday, August 5, 2012. Because the last day of that one-year period fell on a Saturday, Petitioner had until Monday, August 6, 2012, to file his PCRA petition. *See* 1 Pa. C.S. § 1908 (describing the computation of time where the day of a given time period falls on a weekend or holiday); *see also Commonwealth v. Callahan*, 101 A.3d 118, 122 n.10 (Pa. Super. Ct. 2014).

[2] Petitioner alleges that his judgment was not final because his post-conviction appeal was still pending. The pendency of an appeal of a collateral matter has no effect on the date on which a judgment becomes final. *See Commonwealth v. Callahan*, 101 A.3d 118, 122 (Pa. Super. Ct. 2014) (holding that "[i]n fixing the date upon which a judgment of sentence becomes final, the PCRA does not refer to the conclusion of collateral review or the time for appealing a collateral review determination. . . . [T]he plain language of the PCRA statute shows that a judgment of sentence becomes final immediately upon expiration of the time for seeking direct review, even if other collateral proceedings are still ongoing."). The only date relevant to final judgment is the expiration of Petitioner's appellate right after his failure to appeal his judgment of sentence.

the merits the petition, Petitioner must establish that one of the exceptions listed in section 9545(b)(1)(i)–(iii) applies.

## 2. Exceptions to the One-Year Rule

The PCRA statute lists three exceptions to the one-year rule. An otherwise untimely petition may nevertheless be considered if the petition alleges and the petitioner proves that:

> (i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence;
>
> (iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time provided in this section has been held by that court to apply retroactively.
>
> (2)    Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa. Cons. Stat. § 9545(b)(1)(i)-(iii), (2); *see also Commonwealth v. Fahy*, 737 A.2d 214, 218 (Pa. 1999). Petitioner asserts that this Court has jurisdiction by virtue of section 9545(b)(1)(iii), the new decisional law exception.

The new decisional law exception provides that a post-conviction court may entertain a post-conviction relief petition where the right asserted is (1) a

constitutional right recognized by the United States Supreme Court or the Pennsylvania Supreme Court and (2) that right has been held by that court to apply retroactively. 42 Pa. C.S. § 9545(b)(1)(iii). A new rule of constitutional law is applied retroactively to cases on collateral review only where the United States Supreme Court or the Pennsylvania Supreme Court specifically holds it to be retroactively applicable to those cases. *Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. Ct. 2014); *see also Commonwealth v. Phillips*, 31 A.3d 317, 320 (Pa. Super. Ct. 2011). Additionally, pursuant to section 9545(b)(2), the petition must be filed within sixty days of the date the claim could have been presented.

Petitioner claims that the new decisional law exception in section 9545(b)(1)(iii) makes his petition timely, therefore establishing this Court's jurisdiction. His contention is inapposite. First, even assuming that *Alleyne* announced a new constitutional right, neither the Pennsylvania Supreme Court nor the United States Supreme Court has held that *Alleyne* is to be applied retroactively to cases in which the judgment of sentence had become final. *Miller*, 102 A.3d at 995. Here, Petitioner's judgment of sentence became final on August 5, 2011, and he therefore cannot benefit from the United States Supreme Court's holding in *Alleyne*. This petition is outside the scope of the new decisional law exception, does nothing to help Petitioner overcome the requirement that PCRA petitions be timely.

## III. CONCLUSION

Having failed to show that the petition is timely under either the general rule or any of the exceptions, this Court has no jurisdiction to proceed to merits of Petitioner's claim. This Court may not address the merits of the issues raised in a PCRA petition if the petition was not timely filed. *Commonwealth v. Jones*, 54 A.3d 14, 17 (Pa. 2012). The petition for post-conviction relief is dismissed in accordance with the following order.

IN THE COURT OF COMMON PLEAS OF BEAVER COUNTY

PENNSYLVANIA

CRIMINAL DIVISION

COMMONWEALTH OF

PENNSYLVANIA

vs.        :      NO. 2004 of 2009

JOHN A. DUZICKY

## ORDER

**H. KNAFELC, J.**              **March 4th, 2015**

AND NOW, to wit, this 4th day of March, 2015, it is hereby ORDERED AND DECREED that the petition for post-conviction relief is DISMISSED FOR WANT OF JURISDICTION.

BY THE COURT: